**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA WEYANT | : | |
| | : | |
| Appellant | : | No. 612 MDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000715-2017,
CP-22-CR-0001396-2016

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　**FILED NOVEMBER 17, 2020**

Joshua Weyant (Appellant) appeals from the order entered in the Dauphin County Court of Common Pleas dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant's court-appointed counsel, Damian J. DeStefano, Esquire (Appeal Counsel), has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Appeal Counsel's petition to withdraw, and affirm the order dismissing Appellant's petition.[2]

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Preliminarily, we note that Appeal Counsel filed an ***Anders/Santiago*** brief, as opposed to a ***Turner/Finley*** letter, apparently in the mistaken belief that

The facts are unnecessary for our disposition, so we will only address the procedural history as follows. On February 15, 2018, Appellant entered a plea under two separate dockets, CP-22-CR-0001396-2016 (Docket 1396) and CP-22-CR-0000715-2017 (Docket 715). At Docket 1396, Appellant pleaded *nolo contendere* to indecent assault of a person less than 13 years old and corruption of minors.[3] At Docket 715, he pleaded guilty to six counts of aggravated assault,[4] one count of conspiracy[5] to commit aggravated assault, and three counts each of unlawful restraint, false imprisonment and endangering the welfare of children.[6]

On May 7, 2018 the trial court sentenced Appellant at both dockets to an aggregate term of 19 1/2 to 39 1/2 years' incarceration. N.T. Sentencing H'rg, 5/7/18, at 29. Both at sentencing and in his Guilty Plea Colloquy, which

---

an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner/Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Generally, we accept an **Anders** brief in lieu of a **Turner/Finley** letter because an **Anders** brief provides greater protection to the defendant. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[3] 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1)(i).

[4] 18 Pa.C.S. § 2702(a)(1), (a)(9).

[5] 18 Pa.C.S. § 903.

[6] 18 Pa.C.S. §§ 2902(a)(1), 2903(a), 4304(a)(1).

he signed, Appellant acknowledged that he understood he had 10 days from the date of sentencing to file a post-sentence motion with the trial court and 30 days from the date of sentencing, or 30 days from the date the motions to modify are ruled upon, to file a notice of appeal to this Court. **See** Guilty Plea Colloquy, 2/15/18; N.T. Sentencing H'rg, at 30-31. Appellant did not file a direct appeal. Deanna Muller, Esquire (Plea Counsel) represented Appellant during his guilty plea hearing and sentencing.

On May 6, 2019, Appellant filed a timely *pro se* PCRA petition at both dockets.[7] The PCRA court appointed Appeal Counsel to represent Appellant. Appeal Counsel then reviewed Appellant's claims and determined all but one issue to be meritless. On November 18, 2019, Appeal Counsel filed a motion for an evidentiary hearing alleging Plea Counsel was ineffective for failing to file a direct appeal.

The PCRA court conducted a hearing on February 24, 2020. During this hearing both Appellant and Plea Counsel testified. Appellant claimed that after his sentencing he was "expecting her to come and see me and I was going to [ask about my appeal rights] and I never talked to her or seen her or heard

---

[7] In his *pro se* petition, Appellant alleges that Plea Counsel was ineffective for failing to provide him with discovery, failing to file a direct appeal, failing to object to his sentence, which he claims is outside the sentencing guidelines without reason, and coercing his plea by misleading him to believe he would receive a total sentence of ten to twenty years. He further claims that he was not allowed to elicit exculpatory statements from witnesses. Appellant's *Pro Se* Petition, "Motion for Post Conviction Collateral Relief," 5/6/19, at 4.

from her." N.T. PCRA H'rg, 2/24/20, at 7. Plea Counsel then testified on cross-examination that she would have discussed his post-sentencing and appeal rights when they reviewed his guilty plea colloquy. *Id.* at 11-12. She further stated Appellant did not, at any point, request that she file a direct appeal. *Id.* at 12. The PCRA court dismissed the petition on the record. *Id.* at 13. The PCRA court did not issue a formal order denying this petition following this hearing.

On April 7, 2020, Appeal Counsel filed a "Petition to File a Notice of Appeal *Nunc Pro Tunc*." Appellant explained an appeal would have been due March 25, 2020, but since no formal order denying the PCRA petition was entered and because of difficulties due to the Judicial Emergency shutdown of Pennsylvania Courts, he requested *nunc pro tunc* appellate rights.[8] On April 13th, Appeal Counsel filed two notices of appeal[9] listing both Docket 715 and Docket 1396 in each caption. Appellant attached individual docket sheets to each notice. Appellant's petition to file a notice of appeal *nunc pro tunc* was granted by the PCRA court on April 16th. That same day, the PCRA court

---

[8] **See** Appellant's Petition for Extension to File Notice of Appeal *Nunc Pro Tunc,* 4/7/20.

[9] The notices of appeal text says April 13, 2020, but was entered in the docket with the date of April 17, 2020.

issued one order pursuant to Pa.R.A.P. 1925(b) with each docket number listed in the caption.

On April 23, 2020, this Court entered an order requesting Appellant to show cause why his notice of appeal should not be quashed for failing to file separate notices of appeal under each docket pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[10]  Appellant filed a response, arguing that his appeal cannot be quashed because a second order by the Pennsylvania Supreme Court ruled time deadlines are suspended and any legal papers or pleadings, which are required to be filed between March 19, 2020, and April 3, 2020, shall be deemed timely filed if filed by May 11, 2020. On May 4th, this Court quashed the appeal, concluding Appellant's response does not explain why **Walker** does not require quashal in this case.  On May 7, 2020, Appellant timely complied with the PCRA court's 1925(b) order, and filed two 1925(b) statements under each docket.

On May 8, 2020, Appeal Counsel filed a motion for reconsideration of this Court's quashal order, explaining that he filed a notice of appeal "under each separate trial court docket" *via* PAC file.  Appellant's Motion for Reconsideration, 5/8/20, at 4 (unpaginated).  Appeal Counsel explained the captions of both notices of appeals "listed both of Appellant's dockets," and

---

[10] In **Walker**, the Pennsylvania Supreme Court explained when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed for each case.  **Walker**, 185 A.3d at 971.

he attached copies of the trial dockets of each case, showing a notice of appeal was filed. *See id.* This Court reinstated this appeal, discharged its April 23rd show cause order, but referred the *Walker* issue to the merits panel.

Preliminary, we must first dispose of Appellant's *Walker* issue. This Court recently held, in *Commonwealth v. Johnson*, ___ A.3d ___, 2020 WL 3869723 (Pa. Super. July 9, 2020) (*en banc*), that an appellant's filing, of separate notices of appeal with the inclusion of multiple docket numbers, complies with *Walker*. *Id.* at *5.

In the instant matter, Appeal Counsel has provided copies of two separate notices of appeal, along with copies of both trial dockets' docket entries, which showed a notice of appeal was filed in each. Although each notice contained both docket numbers in the caption, Appellant attached one individual docket sheet to each notice of appeal, we do not find any violation of *Walker*. *See Johnson*, ___ A.3d at ___, 2020 WL 3869723 at *5.

However, prior to proceeding to review the merits of the issues presented in Appeal counsel's *Anders* brief, we must determine whether counsel has satisfied certain procedural requirements to withdraw his representation.

> Counsel petitioning to withdraw from PCRA representation . . . must review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that. . . satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Instantly, we determine that Appeal Counsel has complied with the requirements of **Turner/Finley**. Specifically, Appeal Counsel's **Anders** brief and petition to withdraw detail the nature and extent of his review, address the claims raised at the PCRA hearing, and determine that the issues lack merit. Appeal Counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Appeal Counsel also attached proof that he sent Appellant his petition to withdraw, as well as his **Anders** brief, and notified him that he had the right to retain private counsel or proceed *pro se*.[11] As counsel has complied with the technical requirements to withdraw his representation pursuant to **Turner/Finley**, we must now conduct our independent review of

---

[11] Appellant has not responded.

the issues raised by counsel and determine whether the issues lack merit. *See Walters*, 135 A.3d at 591.

Additionally, we note that, on appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001). To be eligible for PCRA relief, the appellant must prove the issues raised have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (4). An issue has been previously litigated if the highest appellate court in which the petitioner was entitled to review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2); *Commonwealth v. Ford*, 809 A.2d 325, 328 (Pa. 2002). An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b); *Ford*, 809 A.2d at 328. [12]

_____

[12] Any claims that could have been raised on direct appeal but were not are waived for purposes of the PCRA. *Ford*, 809 A.2d at 329. This excludes from our consideration Appellant's claims as to his sentence, to alleged coercion in his plea proceedings, and to any evidence he was allegedly not permitted to submit. We note that Appellant was correctly informed, on the record at sentencing, that his minimum sentence would be between ten and twenty years, and the maximum sentence would not exceed twice that. N.T.

Here, Appellant claims Plea Counsel was ineffective for failing to file a direct appeal. *Anders* Brief at 14. Appeal Counsel explains Appellant has not demonstrated that he ever communicated his desire to appeal to Plea Counsel. *Id.*

With respect to an ineffectiveness claim, this Court has stated: "To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*) (citation omitted). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Id.* "Counsel is presumed to have rendered effective assistance." *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015).

Addressing Appellant's claims regarding ineffectiveness of Plea Counsel, the PCRA court reasoned:

> In light of the applicable case law and record before us, [Appellant] has failed to prove ineffectiveness. [Appellant] testified at the PCRA hearing, stating that he was expecting [Plea Counsel] to see him/talk to him after he was sentenced. He testified that he wanted [Plea Counsel] to file a direct appeal, but never had the opportunity to speak with her after sentencing. On cross-examination, [Appellant] conceded that he did not specifically communicate that he wanted to talk to [Plea Counsel]

---

Sentencing H'rg, at 3. Further, his complaint as to his discovery is waived. *See Commonwealth v. Williams*, 204 A.3d 489, 495 (Pa. Super. 2019) ("[w]hen a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." (citation omitted)).

about a direct appeal; rather, he only asked her to come see him after sentencing.

[Plea Counsel] also offered testimony at the PCRA hearing. She stated that the agreed-upon plea agreement included that [Appellant's] minimum sentence would be anywhere between 10 and 20 years, and the maximum would be double the minimum, and whatever sentence the [c]ourt thought appropriate between that range. [Appellant] was sentenced within that range. [Plea Counsel] testified that she would have discussed all post-sentencing and appeal rights with [Appellant] upon review of the guilty plea at Dauphin County Prison, as that was her practice. When asked if [Appellant] requested that [Plea Counsel] file an appeal at any point, she responded, "He did not." Furthermore, when it was inquired as to whether [Appellant] ever requested that [Plea Counsel] come see him after he was sentenced, she offered the following testimony: "No. I spoke with him, I believe, over here in the box after sentencing, asking him if he had any questions, and that was—that was the end of that." [Appellant] took no steps to timely effectuate an appeal request: no letter, no memorandum of request to counsel, no telephone attempt, no family contact, nothing.

This Court finds [Plea Counsel's] testimony credible and, as such, concludes that there is no basis upon which to reinstate [Appellant's] direct appeal rights. In reviewing the record, it is not difficult to determine that [Appellant] has not established the reasonable basis, arguable merit, or prejudice prongs of the ineffectiveness test, nor has he demonstrated a *per se* ineffectiveness argument. This Court did not err in dismissing [Appellant's] PCRA petition.

PCRA Ct. Op., 6/16/20, at 2-4 (citations omitted).

After reviewing the trial court's opinion and the certified record, we conclude Appellant has not established an ineffectiveness assistance of counsel claim. *See Stewart*, 84 A.3d at 706. Thus, the record establishes that Appellant has no meritorious claims and Appeal Counsel correctly

determined this to be so, and has otherwise complied with **Turner/Finley**.

**See Walters**, 135 A.3d at 591.

For the above-stated reasons, we grant Appeal Counsel's petition to withdraw, and affirm the order denying Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2020