J-S15040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROBERT SCHOLL | : | |
| | : | |
| Appellant | : | No. 1328 MDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001683-2013

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:      **FILED: OCTOBER 27, 2023**

James Robert Scholl ("Scholl") appeals from the order dismissing his petition seeking relief pursuant to the Post Conviction Relief Act[1] ("PCRA") as an untimely second petition. Scholl's counsel ("Counsel") has filed a petition to withdraw from representation and a no-merit letter brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm, grant Counsel's petition to withdraw and deny Scholl's application for substitution of counsel.

This Court previously summarized the procedures leading to this appeal as follows:

> In March 2014, a jury found Scholl guilty of three counts each of aggravated assault (attempt to cause serious bodily injury), aggravated assault (attempt to put official in fear of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

serious bodily injury), terroristic threats, simple assault, . . . recklessly endangering another person, and one count each of resisting arrest and possession of firearm prohibited. The trial court found him guilty of harassment. The convictions stemmed from an incident in which Scholl pointed a gun at three police officers who had gone to his home in response to a report of a domestic disturbance. The officers had to wrestle with Scholl to disarm him. Scholl testified at trial, and his counsel called Scholl's girlfriend as a trial witness, but [trial] counsel did not call any character witnesses.

On direct appeal, this Court affirmed the convictions but remanded for re-sentencing because the trial court had improperly imposed a mandatory minimum sentence, and the Supreme Court denied allowance of appeal in February 2016. The trial court re-sentenced Scholl to 16 to 32 years [of] imprisonment, on March 16, 2016.

That same month, Scholl filed a *pro se* [first] PCRA petition. The court appointed counsel, who filed an amended petition asserting that Scholl's trial counsel was ineffective for failing to call character witnesses.

*Commonwealth v. Scholl*, 251 A.3d 1208, 2021 WL 798891 (Pa. Super. 2021) (unpublished memorandum at *1) (some capitalization and footnotes omitted), *appeal denied*, 263 A.3d 1137 (Pa. 2021). The PCRA court denied Scholl's first PCRA petition following an evidentiary hearing. After additional proceedings not relevant to this appeal, this Court affirmed the order denying Scholl's first PCRA petition, **see id**. (unpublished memorandum at *3), and our Supreme Court denied allowance of appeal in September 2021.

In November 2021, Scholl filed the instant, second PCRA petition *pro se*. The PCRA court appointed Counsel,[2] who filed an amended PCRA petition

_____

[2] The PCRA court did not state its basis for appointing counsel for Scholl's second PCRA petition. **See** Pa.R.Crim.P. 904(D), (E) and Comment (noting
*(Footnote Continued Next Page)*

- 2 -

asserting several constitutional violations, including a claim that trial counsel had argued in favor of his conviction during closing arguments, and a possible suppression issue. Counsel did not address the timeliness of Scholl's second PCRA petition. The Commonwealth answered and argued that the petition was facially untimely, did not state a timeliness exception, and, in any event, raised previously litigated claims. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. Counsel did not respond. The PCRA court dismissed Scholl's second petition on August 9, 2022, and Scholl timely appealed. The PCRA court ordered a Pa.R.A.P. 1925(b) statement, and Counsel timely filed a statement of her intent to file a **Turner**/**Finley** letter brief in the appeal. **See** Pa.R.A.P. 1925(c)(4).

Counsel filed in this Court a petition to withdraw from representation and a **Turner**/**Finley** letter brief concluding that Scholl's second PCRA petition was time-barred. This Court determined Counsel minimally met the procedural requirements to seek withdrawal but directed Counsel to file a corrected petition to withdraw, advise Scholl of his appellate rights, and provide him a copy of her **Turner**/**Finley** letter brief. **Commonwealth v. Scholl**, --- A.3d ---, 2023 WL 5014628 (Pa. Super. 2023) (unpublished

---

that Rule 904 "limits appointment of counsel on second or subsequent petitions so that counsel should be appointed **only** if the judge determines that an evidentiary hearing is required" or if the interests of justice require the appointment of counsel (emphasis in original)). However, once appointed, counsel has an obligation to represent her client through an appeal or seek leave of the court to withdraw, even when the case involves a second PCRA petition. **See Commonwealth v. Jackson**, 965 A.2d 280, 284 (Pa. Super. 2009); **see also** Pa.R.Crim.P. 904(F)(2).

memorandum at *3). Following additional orders from this Court, Counsel has complied. Scholl has filed a *pro se* response indicating that his underlying PCRA claims have merit and requesting the appointment of new counsel. **See** Answer to Petition to Withdraw as Counsel, 9/5/23, at 1.[3]

As discussed in our previous memorandum, Counsel's filings satisfy the technical requirements to withdraw as PCRA counsel. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016) (holding that "[p]rior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel"). Counsel seeking to withdraw from PCRA representation must:

> (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed pro se or to retain new counsel**. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (internal citations omitted) (emphasis added).

Counsel has minimally complied with the first three procedural obligations for seeking withdrawal. With respect to the first **Turner**/**Finley** requirement that Counsel detail her review of the case, Counsel states she

---

[3] Scholl has also filed a document that this Court docketed as an application for substitution of appointed counsel. Scholl, in relevant part, requests a prompt decision if this Court is unwilling to appoint another attorney to represent him. **See** Scholl's Application, 10/16/23, at 1.

"reviewed the record" and, "[a]fter careful review of the claims[,]" concluded that Scholl's PCRA petition was without merit. Corrected Petition for Leave to Withdraw, 8/823, at 1. For the second **Turner**/**Finley** requirement that Counsel list the issues Scholl wished to have reviewed, Counsel's letter brief describes the issues Scholl intended to raise as a "request [for] new trial based on violations of his constitutional rights." **Turner**/**Finley** Letter Brief at 4. As to the third **Turner**/**Finley** requirement that Counsel explain her conclusion that Scholl's issues are meritless, Counsel properly identifies the timeliness of Scholl's second PCRA petition as a threshold issue. **See id**. at 5-6.

As to the final procedural requirement that Counsel send Scholl a copy of her **Turner**/**Finley** letter brief and advise him of his appellate rights, Counsel has complied with this Court's directives, and we are satisfied that Scholl has notice of his appellate rights and a copy of Counsel's **Turner**/**Finley** letter brief asserting that Scholl's second petition was time-barred under the PCRA. Accordingly, we will proceed to an independent review. **See Knecht**, 219 A.3d at 691.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we

afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Scholl's judgment of sentence became final on April 15, 2016, thirty days after the trial court resentenced him on March 16, 2016, and Scholl did not challenge or appeal from the new sentence. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Pa.R.A.P. 903(a), (c)(3). Thus, Scholl had until April 17, 2017, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***see also*** 1 Pa.C.S.A. § 1908. Scholl filed his second PCRA petition in November 2021, more than four years after his judgment of sentence became final.

Therefore, the instant petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), which provides:

**(b) Time for filing petition**.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v.*

***Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).

Our review of the record establishes Scholl filed a facially untimely second PCRA petition in November 2021. Counsel filed an amended petition that did not assert any exceptions to the PCRA's timeliness requirements. Therefore, the PCRA court properly dismissed Scholl's second PCRA petition as untimely. **See *id*.**

Scholl's *pro se* response to Counsel's petition to withdraw warrants no relief. The PCRA's timeliness requirements are jurisdictional, and, as stated above, a court may not consider the merits of the issues raised unless the petitioner pleaded and proved a timeliness exception. **See *id*.** Moreover, a PCRA petitioner has no right to counsel for a second PCRA petition or an appeal from the dismissal of second PCRA petition. **See *Commonwealth v. Kubis*,** 808 A.2d 196, 200 (Pa. Super. 2002). Here, Scholl's *pro se* response states: "There is no question that my arguments have merit. . . . If this Court grants [Counsel's] petition to withdraw as counsel then the [C]ourt should appoint new counsel." **See** Answer to Petition to Withdraw as Counsel, 9/5/23, at 1 (internal citation omitted); **see also** Scholl's Application, 10/16/23, at 1. Scholl fails to identify any timeliness exception to consider the merits of his underlying claims, and we agree with Counsel's assessment that Scholl's second PCRA petition was time-barred. Thus, we discern no basis to consider Scholl's underlying claims. **See *Taylor*,** 65 A.3d at 468. Under the circumstances of this appeal, we further conclude Scholl has no right to new

counsel. *Cf. Kubis*, 808 A.2d at 200; *Commonwealth v. Williams*, 204 A.3d 489, 493 (Pa. Super. 2019) (noting that once a court grants counsel's petition to withdraw pursuant to *Turner* and *Finley*, new counsel shall not be appointed).

Order affirmed. Counsel's petition to withdraw granted. Scholl's application for substitution of counsel denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/27/2023