J-S12010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL JOSEPH HESS JR. | : | |
| | : | |
| Appellant | : | No. 1545 EDA 2023 |

Appeal from the Order Entered May 4, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005738-2018

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 24, 2024**

Appellant, Daniel Hess ("Appellant"), appeals from the May 4, 2023 order that dismissed his *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. Upon review, we affirm.

On May 9, 2019, following a three-day trial, a jury convicted Appellant of Rape of a Child and related offenses for the ongoing sexual abuse and rape of his stepchild, D.N., and Endangering the Welfare of a Child and related offenses with regards to D.N.'s sibling, A.N. On August 1, 2019, the court sentenced Appellant to an aggregate term of 18½ to 37 years imprisonment. Additionally, Appellant is a Tier III sexual offender subject to lifetime registration pursuant to 42 Pa.C.S. § 9799.15.

Appellant did not file any post-sentence motions or a direct appeal. Therefore, his judgment of sentence became final on August 31, 2019. ***See***

42 Pa.C.S. § 9545(b)(3) (explaining that "a judgment becomes final at the expiration of time for seeking appellate review"); Pa.R.A.P. 903 (requiring notice of appeal to be filed within 30 days of the entry of the order from which the appeal is taken)

On July 29, 2022, almost three years later, Appellant *pro se* filed an initial PCRA petition averring that trial counsel was ineffective for failing to file an appeal. PCRA Pet., 7/29/22, at 2. On September 8, 2022, the PCRA court appointed Salvatore Bello, III, Esq., to serve as counsel for Appellant's PCRA claims.

On February 7, 2023, Attorney Bello ("PCRA Counsel") filed a petition to withdraw as counsel with an attached **Turner/Finley**[1] "no-merit" letter asserting that Appellant's PCRA claim failed to overcome the PCRA time-bar and, therefore, lacked merit.

On February 10, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's PCRA petition without a hearing, finding that it lacked jurisdiction to review the underlying merits of Appellant's claims because the PCRA petition was untimely, and Appellant failed to assert an applicable timeliness exception. The PCRA court also granted PCRA counsel's petition to withdraw as counsel.

On March 1, 2023, Appellant filed a *pro se* response to the Rule 907 notice to dismiss ("Rule 907 Response"). In his Rule 907 Response, Appellant

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

invoked the governmental interference exception to the PCRA time-bar, and averred that the Commonwealth engaged in prosecutorial misconduct, the trial court judge influenced the jury, and the forensic analyst's testimony was inadmissible. Response, 3/1/23, at 2. Additionally, Appellant raised claims that PCRA counsel was ineffective for failing to properly investigate Appellant's PCRA claims. *Id.* at 1-2. On May 4, 2023, after considering Appellant's Rule 907 Response, the PCRA court dismissed Appellant's PCRA petition as untimely.

Appellant timely appealed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. Did the lower court err in its discretion and fail to conduct a thorough review of the facts and the record during its review of the claims within [] Appellant's "response" to the court's "907 notice" (of PCRA counsel's alleged errors) and did the lower court then err by "wholly adopting" PCRA counsel's erroneous conclusions that [] Appellant had no claim(s) of merit which could possibly overcome the PCRA's one (1) year time-bar?

II. Did the lower court err in its discretion, when it failed to "inquire into" [] Appellant's clear "conflict of interest" which "developed" when Appellant alleged in his "response" (to the 907 notice), that PCRA counsel had not conducted a proper review of his claims or the record, and thus Appellant was alleging the ineffectiveness of his PCRA counsel, and the lower court failed to address this conflict of interest[] or to appoint Appellant new PCRA counsel?

III. Did the lower court err in its discretion, when it failed to appoint counsel to the indigent Appellant for the purpose of a "direct appeal" of the denial of Appellant's "first" PCRA?

- 3 -

Appellant's Br. at 1 (some capitalization omitted).

**A.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017)

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed almost three years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), including the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking

a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that due to the interference of a government actor, he could not have filed his claim earlier. *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021).

## B.

Here, in his initial PCRA petition, Appellant averred that his trial counsel was ineffective for failing to file an appeal on his behalf. PCRA Pet. at 2. In his Rule 907 Response, Appellant raised additional claims and attempted to invoke the government interference exception to the time-bar by asserting that the Commonwealth was guilty of prosecutorial misconduct, that the trial court judge influenced the jury, and that the forensic analyst's testimony was inadmissible. Response at 2. The PCRA found that all these claims failed to overcome the PCRA time-bar.

First, the court emphasized that Appellant failed to plead and prove any of the exceptions to the PCRA time-bar in his initial petition. PCRA Ct. Op., 8/9/23, at 8. We agree. An ineffective assistance of trial counsel claim, without more, does not fall under any of the exceptions enumerated in Section 9545(b)(1) and, therefore, fails to overcome the PCRA time-bar. Our

Supreme Court has explained that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Accordingly, we agree with the PCRA court that this claim failed to overcome the PCRA time-bar.

Next, the PCRA court explained that "Appellant's pleadings do not contain any averments as to how government interference prevented him from making a claim for reinstatement of his appellate rights earlier than the subject facially untimely petition." PCRA Ct. Op. at 10. Once again, we agree. In his Rule 907 Response, Appellant simply raises allegations of trial court error without explaining how the interference of a government actor prevented him from filing his claims earlier.

In sum, the PCRA court did not abuse its discretion when it concluded that Appellant failed to plead and prove an exception to the PCRA time-bar and, thus, dismissed Appellant's petition as untimely. We, like the PCRA court, lack the jurisdiction to entertain the merits of these claims.

**C.**

We now address Appellant's ineffective assistance of PCRA Counsel claims. In his Rule 907 Response, Appellant averred generally that PCRA counsel was ineffective for failing to properly investigate the facts supporting Appellant's PCRA claims. Response at 1.

We acknowledge that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA

counsel's ineffectiveness at the first opportunity to do so, even if on appeal."
***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021). However, "to
advance a request for remand, a petition would be required to provide more
than mere boilerplate assertions of PCRA counsel's ineffectiveness[.]" ***Id.*** at
402 (citation and internal quotation marks omitted).

The law presumes counsel has rendered effective assistance.
***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he
burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To
satisfy this burden, the appellant must plead and prove by a preponderance
of the evidence that: (1) the underlying claim has arguable merit; (2) no
reasonable basis existed for counsel's actions or failure to act; and (3) there
is a reasonable probability that the outcome of the challenged proceeding
would have been different absent counsel's error. ***Commonwealth v.***
***Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the
test will result in rejection of the appellant's claim. ***Id.***

To establish the prejudice prong, the petitioner must prove a reasonable
probability that the outcome of the relevant proceedings would have been
different but-for counsel's action or inaction. ***Commonwealth v. Busanet***,
54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed
ineffective for failing to raise a meritless claim." ***Fears***, 86 A.3d at 804.

Instantly, the PCRA court rejected Appellant's bald claim of PCRA
counsel's ineffectiveness. The PCRA court opined:

> Appellant makes no specific claim as to how PCRA counsel was ineffective in his review of this case or in his discussions with Appellant. He does not allege any discrepancies in counsel's timely "no merit" letter. A bald and undeveloped claim of ineffective assistance of PCRA counsel for failure to properly investigate or research facts supporting the PCRA petition does not constitute ineffective assistance of counsel and does not save an otherwise untimely petition for review on the merits.

PCRA Ct. Op. at 12-13. The PCRA court further emphasized that "PCRA counsel complied with all of the dictates of *Turner* and *Finley* for the withdrawal of court appointed counsel due to a PCRA petition lacking merit."

*Id.* at 11. The PCRA court opined:

> PCRA counsel's "no merit" letter contains counsel's certification that he reviewed the entire record and considered all correspondence Appellant sent to him. The letter states that counsel spoke with Appellant to discuss the case. PCRA counsel explains the issues Appellant wished to raise and explained why the PCRA is meritless. Counsel determined that Appellant's PCRA petition was untimely, and therefore the court is without jurisdiction to review the petition on the merits. Appellant did not plead any of the timeliness exceptions in his *pro se* PCRA petition; nevertheless, counsel addressed the three timeliness exceptions and determined, "I do not find that the facts and circumstances of your case meet any of the enumerated exceptions." ("no merit" letter, page 3). Counsel also stated that after an extensive review, he could find no additional issues of arguable merit to support the filing of an amended petition. Counsel advised Appellant that should the trial court grant his petition to withdraw he may proceed *pro se* or retain private counsel. Counsel sent a copy of the "no merit" letter and petition to withdraw as counsel to Appellant.

PCRA Ct. Op. at 11-12. We agree with the PCRA court that Appellant's boilerplate claim of PCRA counsel's ineffectiveness, raised in both his Rule 907 Response and his Rule 1925 (b) statement, do not entitle him to relief.

**D.**

For the first time in his brief to this court, Appellant raises two new theories of PCRA Counsel ineffectiveness. Appellant asserts that PCRA counsel failed to explore Appellant's "viable claim of abandonment by trial counsel" and misinformed Appellant about the revised time period for coming forward with "newly-discovered evidence." Appellant's Br. at 12. In response, the Commonwealth asserts that these claims are waived because Appellant failed to raise them at his first opportunity to do so, namely in his Rule 907 Response and/or Rule 1925(b) statement. Cwlth Br. at 5. We agree.

Pursuant to **Bradley**, a petitioner may "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so[.]" 261 A.3d at 401. Our Supreme Court subsequently emphasized the importance **preserving** a claim of PCRA counsel's ineffectiveness in the filing that is the petitioner's first opportunity to do so. **See Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) ("Parrish adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his Corrected 1925(b) Statement and in his brief filed with this Court in this appeal.") Instantly, Appellant's first opportunity to raise these additional claims of PCRA Counsel's ineffectiveness was in his Rule 907 Response. Appellant failed to raise these claims in either his Rule 907 Response, or in his Rule 1925(b) statement to this Court. Accordingly, we find them waived. **See Parrish, supra**; Pa.R.A.P. 1925(b)(4)(vii).

**E.**

Finally, we address Appellant's claim that the PCRA court erred when it failed to appoint appellate counsel for him after permitting PCRA counsel to withdraw pursuant to *Turner*/*Finley*. Appellant's Br. at 1. Appellant's claim lacks merit.

As this Court has recognized, Pennsylvania law "forbids appointment of new counsel where a proper *Turner*/*Finley* no-merit letter has been accepted and counsel was permitted to withdraw." *Commonwealth v. Williams*, 204 A.3d 489, 493 (Pa. Super. 2019) (citations omitted). Instead, a petitioner must utilize their own resources to retain counsel or proceed *pro se.* *Id.* Accordingly, Appellant's claim lacks merit.

**F.**

In sum, in his PCRA Petition and Rule 907 Response, Appellant failed to plead and prove any exceptions to the PCRA time-bar and this Court is, thus, without jurisdiction to entertain the merits of Appellant's claims. Moreover, Appellant's bald claim that PCRA Counsel was ineffective, put forth in his Response and Rule 1925(b) statement, fails to garner him relief. Additionally, Appellant's new claims of ineffective assistance of PCRA Counsel, raised for the first time in his brief to his court, are waived. Finally, Appellant's claim that the PCRA court erred when it failed to appoint appellate counsel after permitting PCRA Counsel to withdraw pursuant to *Turner*/*Finley* lacks merit. We conclude that the PCRA court did not err when it dismissed Appellant's PCRA petition as untimely and permitted PCRA counsel to withdraw.

Order affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2024