J-S24014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON DEMON HUNTER | : | |
| | : | |
| Appellant | : | No. 1411 WDA 2023 |

Appeal from the PCRA Order Entered October 30, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003200-2021

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED: September 13, 2024**

Brandon Demon Hunter appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  In this Court, Appellant's counsel, William J. Hathaway, Esquire, has filed a ***Turner***/***Finley***[1] no-merit brief and application to withdraw.  We grant permission to withdraw and affirm the denial of PCRA relief.

We glean the following background from the affidavit of probable cause, as the plea hearing did not include a detailed recitation of the facts.  The Erie County District Attorney's Drug Task Force executed a search warrant at Appellant's home on September 9, 2021.  The authorities seized cocaine, marijuana, numerous items of paraphernalia consistent with drug dealing,

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

three firearms, and $48,121.00. Based on these findings, he was charged with various drug offenses. On December 21, 2021, Appellant waived his preliminary hearing and signed a form agreeing to plead, upon the filing of a criminal information, to one count of possession with intent to deliver ("PWID") fentanyl and one count of carrying a firearm without a license. The plea agreement form specified that the PWID charge would carry an offense gravity score ("OGS") of ten. Thereafter, the Commonwealth filed a criminal information charging those two counts.

On February 2, 2022, Appellant, represented by two retained attorneys, entered a guilty plea to the information with no agreement to sentence. However, the parties modified the prior plea agreement to reflect that the PWID charge was for possessing cocaine, reducing the OGS to six. Regarding the firearms charge, the Commonwealth agreed to submit guideline ranges applicable when ammunition was not available.

These guideline modifications are relevant to Appellant's later *pro se* pleadings. When the trial court invited argument on sentencing, Appellant's counsel requested that the court impose concurrent sentences within the mitigated range. The Commonwealth urged the court to impose consecutive standard range sentences, arguing that the reduced guideline ranges already

drastically cut the recommended sentences.[2]  At that point, the trial court interjected:

> THE COURT:  Well, hold on for a second.  I mean, there are matters which are – will be under seal, which I'm not going to discuss publicly here, but I mean, that's got to come into the equation.
>
> [COMMONWEALTH]: Your Honor, that is what was taken into consideration to reach this agreement.  This was an agreement that we came to terms with at the preliminary hearing with the officers involved.
>
> THE COURT:  If I'm understanding correctly, there's more to be done; am I wrong about that?
>
> [APPELLANT'S COUNSEL]: There is.
>
> [COMMONWEALTH]: Judge, that's not the case.
>
> [APPELLANT'S COUNSEL]: Well, search warrants, [confidential informants].  I'm just saying, Your Honor, I mean . . .
>
> THE COURT: I understand.
>
> [APPELLANT'S COUNSEL]: This man is redeemable and that is a big step.
>
> THE COURT: I hear you, I hear you, I hear you.  But, basically, his work is done; is that what you're telling me?
>
> [COMMONWEALTH]: That is my understanding of the situation. The officer that --

---

[2]  For the firearms offense, if ammunition was available, the OGS under the then-applicable guidelines called for a recommended sentence of thirty to forty-two months in the standard range.  The guidelines as submitted yielded a recommended sentence of fifteen to twenty-one months in the standard range.

Regarding PWID, the original OGS of ten results in a forty-two to fifty-four months in the standard range.  As submitted, the standard range sentence was twelve to eighteen months.

[APPELLANT'S COUNSEL]: I don't want to go beyond that, Your Honor.

THE COURT: Yeah, I don't either really.

N.T. Plea, 2/22/22, at 24-25. The court again obliquely referenced Appellant's cooperation later in the proceeding, remarking during imposition of sentence that the court considered "a lot that hasn't been discussed here, but that I am aware of because of the written materials that were given to me[.]" *Id*. at 26-27. The trial court imposed a sentence of twelve to twenty-four months of incarceration. Appellant, who was on parole when these crimes occurred, was subsequently ordered to serve the balance of the prior sentence.

Appellant did not file post-sentence motions or a direct appeal. However, he submitted several *pro se* materials complaining about his attorneys. As those pleadings are relevant to our analysis, we briefly recount their contents. On July 27, 2022, Appellant requested information about filing complaints with the American Bar Association. He followed up with the trial court two months later, seeking a video conference with the trial judge. Appellant stated that during sentencing his attorneys had "included information about confidential matters. The information was delicate and contained vitale [*sic*] information that I was promised . . . would never be mentioned nor exploited." *Pro se* Filing, 9/29/22, at 1. Appellant asserted that the "agreement of attorney-client confidentiality was breached when Attorney Leonard Ambrose spoke about matters of me cooperating . . . in regards to information that I provided . . . [concerning] individuals who are drug dealers within the County of Erie." *Id*. He alleged that when he decided

to cooperate as part of his plea agreement, he specifically asked his attorneys to assure "that the information that I would be supplying would be protected at all costs and that my assistance in the matter would remain confidential[.]" *Id*. at 1-2. Furthermore, his attorneys "swore . . . that all information in regards to my cooperation would be forwarded and delivered to the [Commonwealth] and to the sentencing judge ahead of time" to ensure that his assistance would not be disclosed to the public. *Id*. at 2. Appellant complained that the discussion between the Commonwealth and his counsel concerning the appropriate sentence disclosed to the public that he supplied information to the Commonwealth. As a result, Appellant stated that he, his wife, and children "can no longer live in Erie County without people in the community knowing that I cooperated[.]" *Id*. at 4. He did not, however, ask to have his sentence and plea vacated, and the court did not treat any of these documents as a request for relief under the PCRA.

Appellant filed a notice of his intention to commence collateral proceedings on February 8, 2023, requesting the assistance of counsel. Appellant stated he did not contest the legality of his sentence but "wish[ed] to file a claim of ineffective assistance against hired counsel," and also sought "to have the remainder of my sentence committed to a substitution of house arrest in . . . South Carolina where I will be residing[.]" *Pro se* Petition, 2/8/23, at unnumbered 1. The PCRA court appointed Emily Merski, Esquire, to represent Appellant.

On May 10, 2023, Attorney Merski filed a petition to withdraw and accompanying no-merit letter pursuant to *Turner*/*Finley*. Appellant lodged a *pro se* response, essentially maintaining that Attorney Merski was ineffective because she did not agree with his legal arguments. *Pro se* Response, 6/15/23, at 1 ("[I]t's as if she did not conduct a full review of the sentencing transcripts for if she had she would see . . . merit in my complaints."). Appellant separately sent the court a copy of a letter he had sent to Attorney Merski responding to her no-merit letter, docketed July 10, challenging various aspects of her no-merit letter and decision not to file an amended petition.

On October 9, 2023, the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, agreeing with Attorney Merski's analysis. The PCRA court did not address the *pro se* responses. The court informed Appellant of his right to file objections to the Rule 907 notice within twenty days. Appellant did not do so, and the court dismissed the petition on October 30, 2023. However, the order dismissing the petition did not permit Attorney Merski to withdraw.

Appellant sent the PCRA court a letter on November 14, 2023, which was a copy of a letter he had sent to Attorney Merski. Within, Appellant requested that Attorney Merski file a notice of appeal and "amend my PCRA" to include claims of her ineffectiveness due to her failure to discern a meritorious complaint. *Pro se* Response, 11/14/23, at 1. On November 21, 2023, Attorney Merski requested that the trial court appoint new counsel, referencing Appellant's desire to appeal and raise her ineffectiveness. While

that motion was still pending, Attorney Merski filed a notice of appeal on Appellant's behalf. Meanwhile, as Attorney Merski was still counsel of record, she filed in this Court a petition to withdraw on January 19, 2024. We granted the request since the PCRA court had already appointed Attorney Hathaway to represent Appellant by that point.

In response to the court's order to file a concise statement, Attorney Hathaway filed a Rule 1925(c)(4) statement of intent to seek withdrawal on appeal. He presents the following issue for our consideration.

> Whether Appellant has stated any colorable claims that would implicate the validity of his entry of guilty pleas in this case in terms of substantive claims or collaterally whether former PCRA counsel was ineffective in proffering a no-merit letter in disregard of any predicate to challenge the guilty pleas?

*Turner/Finley* brief at 2.

Before addressing the petition to withdraw, we discuss this appeal's unusual procedural history, where Appellant was appointed a second attorney upon Attorney Merski's withdrawal. In light of our Supreme Court's recent decision in *Commonwealth v. Greer*, 316 A.3d 623 (Pa. 2024), we would be remiss if we did not discuss whether a remand is warranted.

By way of background, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held that a claim of PCRA counsel ineffectiveness may be raised at the first opportunity to do so, even if on appeal. Typically, the first opportunity is when the petitioner replies to the Rule 907 notice after counsel seeks to withdraw under *Turner*/*Finley*, or, if counsel litigated an amended petition, on appeal from that denial. *Bradley*

is a case of the latter type, but the Court flagged a variation of the present procedural posture:

> [*Amici*] offer that, in a **Turner**/**Finley** no-merit situation, the PCRA court should have discretion to appoint new counsel when appropriate, which, according to *amici*, PCRA courts do not currently possess, citing **Commonwealth v. Williams**, 204 A.3d 489, 492-93 (Pa.Super. 2019), and **Commonwealth v. Maple**, 559 A.2d 953, 955 ([Pa.Super.] 1989). As this appeal does not involve the distinct **Turner**/**Finley** scenario, we save resolution of this question, including the continued viability of the . . . Rule 907 approach in this unique context, for another day.

**Bradley**, 261 A.3d at 401 n.16 (citation altered).

Turning to **Greer**, the Court explained that **Bradley** granted PCRA petitioners the right to raise ineffectiveness claims against PCRA counsel while appealing the denial of their first petition, but the case "limited that right to after the petitioner obtained new counsel or elected to proceed *pro se*." **Greer**, 316 A.3d at 625. **Greer** discussed the tension that arises when a represented petitioner wishes to raise **Bradley** claims against that same counsel. There, appointed PCRA counsel filed and litigated an amended petition. The PCRA court denied relief and counsel filed an appeal, continuing to litigate issues concerning trial counsel ineffectiveness. Before the briefing schedule was issued, counsel filed an application for remand because "Greer had sent him a letter requesting a remand to allow Greer to raise claims of [PCRA counsel] ineffectiveness." **Id**. at 626. Greer identified eight additional claims that PCRA counsel did not preserve for review, in addition to two claims challenging PCRA counsel's performance during litigation of the amended petition.

The ***Greer*** Court rejected the Commonwealth's argument that, in such situations, the Superior Court should examine the merits of the brief before remanding. The Court ultimately concluded that "the Superior Court, when faced with a clear indication that Greer wished to pursue claims of [PCRA counsel] ineffectiveness, should have immediately remanded the case to the PCRA court for an on-the-record assessment of Greer's rights and wishes." ***Id***. at 628-29. The Court acknowledged that "the application for remand did not explicitly seek *pro se* status for Greer," but "the Superior Court should have, at the very least, remanded for a [***Commonwealth v.***] ***Grazier***[, 713 A.2d 81 (Pa. 1998)] hearing." ***Id***. at 629.

Returning to the instant matter, the PCRA court's appointment of Attorney Hathaway presents a wrinkle, as, unlike the litigant in ***Greer***, Appellant was not entitled to counsel on appeal. As noted by ***Bradley***, in ***Maple*** we held that when appointed counsel was "permitted to withdraw under the procedure authorized in ***Turner****,* new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be." ***Id***. at 956. We continue to follow ***Maple***. ***See Commonwealth v. Gibson***, --- A.3d ----, 2024 WL 3263496 (Pa.Super. July 2, 2024) (holding that PCRA court properly denied request for appointment of counsel to pursue ***Bradley*** claim against initial PCRA counsel; "[W]e conclude there was no error because Gibson was not entitled to the appointment of counsel after PCRA counsel was properly permitted to withdraw.").

Thus, the proper course would have been to permit Attorney Merski to withdraw upon dismissing the petition, and then inform Appellant of his appellate rights. On appeal, Appellant could have challenged the propriety of the PCRA court's order denying his first petition, as well as Attorney Merski's stewardship.[3] That said, the fact remains that counsel was appointed. We are satisfied that **Greer** does not require a remand for a **Grazier** hearing. This case is like **Greer** in that both litigants expressed a desire to challenge current counsel's effectiveness, but, unlike Greer, Appellant had no right to an attorney, and is in a better position by virtue of having a second attorney appointed to review the case. We acknowledge that counsel cannot be foisted upon a litigant who wishes to proceed *pro se*. However, there is no indication that Appellant desired to proceed *pro se* at any point. Appellant asked Attorney Merski to "amend" his dismissed PCRA, and he has not replied to Attorney Hathaway's letter informing him of his right to proceed *pro se*. Finally, Attorney Hathaway's brief has addressed whether any viable claim exists concerning Attorney Merski's representation. Accordingly, counsel has

---

[3] We conclude that Appellant preserved claims challenging PCRA counsel's ineffectiveness, as he raised those issues in his response to the no-merit letter. While the PCRA court had yet to grant the Rule 907 notice at that point, and therefore could have rejected the petition to withdraw based on its independent review, we find that Appellant should not be penalized for raising these issues after his attorney sought to withdraw but before the PCRA court issued the notice of intent to dismiss. Additionally, Appellant raised those points during the appeal period. *Cf*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa.Super. 2014) ("[W]here the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction.").

reviewed any potential **Bradley** claims. We therefore proceed to examine the petition to withdraw.[4]

> When presented with a brief pursuant to **Turner**/**Finley**, we first determine whether the brief meets the procedural requirements of **Turner**/**Finley**. A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa.Super. 2019) (internal citations omitted).

We are satisfied from a review of counsel's application to withdraw and brief that he has substantially complied with the technical requirements of **Turner** and **Finley**. Counsel has detailed his review of the case and discussed whether Attorney Merski ineffectively addressed the issues Appellant wished to raise as detailed in her no-merit letter. Separately, counsel has addressed whether there was any other basis for an amended petition, *i.e.*, counsel examined the record as if he were initially appointed for purposes of preparing an amended petition or no-merit letter before the PCRA court. "[I]f standing in the posture of initial PCRA counsel as Attorney Merski, I would have likewise been compelled to arrive at the same conclusion . . . [t]hat there was no merit" to Appellant's PCRA petition. **Turner**/**Finley** brief at 6. Attorney

---

[4] Arguably, the procedures set forth in **Turner**/**Finley** are not required as those protections apply for litigants who are entitled to counsel.

Hathaway also sent copies of the brief and application to withdraw to Appellant, and informed him of his right to proceed *pro se* or with private counsel. Accordingly, we consider the substance of the appeal.

This Court addresses the propriety of the PCRA court's dismissal order as follows: "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "As to legal questions, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" **Id**. (citation omitted).

Presently, Appellant's *pro se* petition complained of his attorneys' conduct and performance during his plea hearing. The following principles are germane to our assessment of their performance:

> To prevail on a claim that counsel was constitutionally ineffective, the defendant must overcome the presumption that counsel was effective by showing that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012) (citing **Strickland v. Washington**, 466 U.S. 668 (1984)).

We fully agree with Attorney Hathaway's assessment of Appellant's allegations of ineffectiveness.

> The prominent element of [A]ppellant's dispute with defense counsel purports to be his dissatisfaction with defense counsel's apparent disclosure of [A]ppellant's cooperation with the

- 12 -

Commonwealth as to other criminal matters, which [Appellant] perceives was recklessly disclosed in the open public setting of the litigation of the instant case, which he avers placed he and his family in unwarranted danger.

Even assuming the credibility of this contention, I have failed to perceive how this issue[,] which is wholly collateral to and tangential to the plea proceeding itself, would in any way implicate what in all respects is a valid and legitimate entry of a guilty plea, which in terms of substance and consequence was favorable to and advanced the interests of [A]ppellant. If there was some breach of [A]ppellant's security from any unwitting or negligent disclosure of [A]ppellant's cooperation in a public courtroom setting, as a theoretical matter, [A]ppellant may have some grievance against counsel in a disciplinary complaint or otherwise, but this offers no credible means to constitute ineffective assistance of counsel to set aside the entry of the guilty plea[.]

*Turner*/*Finley* brief at 7.

We add the following to Attorney Hathaway's cogent analysis. As set forth *supra*, Appellant consistently complained to the trial court that his attorneys failed to take appropriate steps to ensure that the fact of his cooperation was not stated in open court. His *pro se* responses to Attorney Merski's no-merit letter argued that revealing his cooperation in open court was an unreasonable strategic choice. While implicitly recognizing that his attorneys did have reason to raise that point in response to the Commonwealth's arguments, Appellant argued that counsel instead should "have requested . . . a sidebar conversation" so that the discussion would not be overheard by spectators. *Pro se* Response, 7/10/23, at 3.

Even if we accept that an attorney is constitutionally required to request a sidebar under these circumstances, the flaw in Appellant's argument is that the relief he sought is not available under the PCRA. The scope provision

makes clear that the act "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."  42 Pa.C.S. § 9542.  There is no doubt that a litigant can establish "that he would have entered a guilty plea but for counsel's ineffectiveness."  ***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa.Super. 2015).  Alternatively, a petitioner can establish that he would not have entered a plea if counsel had supplied the correct advice.  ***See Commonwealth v. Hickman***, 799 A.2d 136, 143 (Pa.Super. 2002) ("[A] plea's validity may be compromised when counsel issues erroneous advice on how the law will affect the duration of a client's sentence.").  Here, Appellant does not seek any relief concerning the plea itself.  Instead, he raised only an unspecified desire to hold his lawyers accountable.  *Pro se* Letter, 9/29/22, at 5 ("I [am] writing . . . because the lack of integrity of my attorneys . . . to come forward and tell the courts my concerns and admit to what they d[id] wrong the day of sentencing and they have yet to do so.").  His request to have his attorneys take responsibility for what he perceives to be unprofessional conduct is not a cognizable claim under the PCRA.[5]

Therefore, we agree with Attorney Hathaway that there is no merit to Appellant's PCRA petition because, whatever the merits of his complaints about his attorneys, the proper recourse is through disciplinary proceedings.

---

[5] That Appellant's complaint cannot be remedied through the PCRA is evident when one considers that nothing can be done about the public disclosure of Appellant's cooperation.  Once the information was revealed, the purported harm was complete.

Accordingly, we grant counsel's petition to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Application of William J. Hathaway, Esquire to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

 DATE: 09/13/2024