J-S74023-18

2019 PA Super 41

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE WILLIAMS | |
| Appellant | No. 2500 EDA 2017 |

Appeal from the PCRA Order entered July 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0014634-2008;
CP-51-CR-0005227-2013

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY STABILE, J.: **FILED FEBRUARY 14, 2019**

Appellant, Maurice Williams, appeals from the July 10, 2017 order entered in the Court of Common Pleas of Philadelphia County, dismissing as meritless his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. In addition, Appellant's counsel seeks leave to withdraw. Upon review, we grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

The underlying facts are not in dispute. Briefly, in 2010, Appellant received a sentence of probation following entry of a guilty plea to possession with intent to deliver ("PWID") at CP-51-CR-0014634-2008 ("PWID case"). In December 2014, Appellant entered a guilty plea at CP-51-CR-0005225-2013 ("firearm case") to one count of PWID, one count of conspiracy to

manufacture, possess, or deliver, and one count of prohibited possession of a firearm, putting him in direct violation of his probation on the PWID case.[1]

In August 2015, the trial court imposed a sentence in the firearm case of two and one-half to five years in prison followed by five years' probation for prohibited possession of a firearm. Because Appellant had violated his probation in the PWID case, he was sentenced on the same day to four to eight years in prison followed by two years' probation. The court ordered the sentences to run concurrently, resulting in a total aggregate sentence of four to eight years in prison followed by five years' probation.

While the underlying facts are not in dispute, the procedural history following imposition of Appellant's sentence is somewhat convoluted. Appellant did not file a direct appeal from his judgment of sentence. On May 9, 2016, he filed a timely *pro se* PCRA petition in the PWID case, claiming an illegal sentence on resentencing and requesting correction of his sentence. PCRA Petition, 5/9/16, at 2, 3, and 6. On May 18, 2016, he filed a *pro se* PCRA petition in the firearm case, asserting it was a first PCRA petition being utilized to obtain *nunc pro tunc* restoration of his direct appeal rights that were abandoned by counsel. He claimed his due process rights were violated because he was not brought to trial within 365 days and asserted

---

[1] Although the captions for all subsequent filings in the trial court, PCRA court, and this Court included both docket numbers, there is no indication in the record to suggest the cases were ever consolidated.

ineffectiveness of counsel for preparing but not filing a Rule 600 motion. PCRA Petition, 5/18/16, at 2-4. On July 12, 2016, he filed an amended *pro se* petition in the firearm case, asking for restoration of his direct appeal rights and noting that PCRA counsel had not yet been appointed. Amended Petition, 7/12/16, at 1. Attorney John P. Cotter was appointed counsel and his appearance was entered on the dockets for both cases on November 4, 2016.

On February 17, 2017, Attorney Cotter filed a ***Finley*** letter,[2] asserting that Appellant failed to raise any issues of arguable merit in his PCRA petition and requesting leave to withdraw. Although he referenced both the PWID case and the firearm case in the introduction to the letter, the only claim he addressed specifically was the illegal sentencing claim raised in the May 9, 2016 petition filed in the PWID case. Counsel stated he reviewed the record, determined the sentence was legal, and concluded there were no other issues of arguable merit that could be raised in a counseled petition. ***Finley*** Letter, 2/17/17, at 1-2. A copy of the letter was provided to Appellant and included a notice indicating that he had the right to proceed *pro se* or with the assistance of privately-retained counsel in the event the PCRA court should grant the request to withdraw.

On May 15, 2017, the PCRA court issued a notice in accordance with Pa.R.Crim.P. 907, informing Appellant of its intent to dismiss the petition and

_____

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

advising Appellant of his opportunity to respond within twenty days. The caption on the notice listed the docket numbers for both the PWID case and the firearm case. Appellant did not file a response. On July 10, 2017, the court entered its order, again with both docket numbers in the caption, granting counsel's request to withdraw and dismissing Appellant's petition for lack of merit. The order advised Appellant of his right to appeal to this Court within 30 days and stated that Appellant "may proceed *pro se*, or retain counsel; no new counsel will be appointed." Order, 7/10/17, at 1.

The docket for each case includes two identical entries on July 10, 2017. The first entry on each docket includes the order denying Appellant's PCRA petition as frivolous and advising Appellant of his right to appeal to this Court within 30 days. The entry also reflects that counsel's application to withdraw is granted and that Appellant "may proceed *pro se* or retain counsel; **no new counsel will be appointed.**" First Docket Entry, 7/10/17 (emphasis added). The second entry on each docket reflects the order denying PCRA relief, the grant of counsel's request to withdraw, and notes "appeals counsel appointed {J. Mann}." Second Docket Entry, 7/10/17.

Attorney Jessica C. Mann entered her appearance on July 13, 2017 on both dockets and filed a single notice of appeal to this Court on August 4,

2017, listing both cases.[3]  By order entered August 13, 2017, the PCRA court directed counsel to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b).  Counsel filed a Rule 1925(b) statement on September 11, 2017, asserting PCRA court error "as a matter of law when it denied [Appellant's] PCRA Petition without a hearing, where [Appellant] alleged an issue of arguable merit."  Rule 1925(b) Statement, 9/11/17, at ¶ 2.  The statement did not identify the "issue of arguable merit" purportedly alleged in either of Appellant's petitions.[4]

_____

[3] We note that a separate notice of appeal should have been filed for each case.  **See** Pa.R.A.P. 341 (Note: "Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.")  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court instructed that the failure to file separate notices of appeal from an order resolving issues arising on more than one lower court docket will result in quashal of the appeal.  **Id.** at 977.  However, that mandate applies only to appeals filed after the date of the **Walker** decision, *i.e.*, June 1, 2018.  The instant appeal was filed on August 4, 2017.

In **Walker**, our Supreme Court recognized that prior to the 2013 amendment to the Rule 341 Note (requiring separate notices of appeal), this Court seldom quashed appeals, even while disapproving of the practice of filing a single notice.  The Court specifically acknowledged **In the Interest of P.S.**, 158 A.3d 643 (Pa. Super. 2017), in which this Court "interpreted the Official Note to apply only where separate appeals are necessary because review of the orders in question requires 'individualized arguments, separate appellate analyses of the evidence, and distinct examination of the different sentences imposed.'"  **Walker**, 185 A.3d at 977 (quoting **In the Interest of P.S.**, 158 A.3d at 648).  Because the instant appeal from the PCRA court's order does not require individual arguments, separate evidentiary analyses or distinct examinations of the sentences imposed, we decline to quash the appeal.

[4] We note that Appellant does not challenge the PCRA court's grant of PCRA counsel's petition to withdraw.

The PCRA court issued its Rule 1925(a) opinion on November 13, 2017, noting initially that the Rule 1925(b) statement failed to identify the issues raised on appeal and violated the requirements of Rule 1925(b)(4)(ii), which requires that the statement "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Rule 1925(a) Opinion, 11/13/17, at 2 (unnumbered). The court explained that Appellant did not state "which of his two PCRA claims he believe[d] had arguable merit, which is of particular importance in light of the fact that PCRA counsel filed a *Finley* letter." *Id.* (citations omitted). Although the PCRA court determined Appellant's 1925(b) statement was insufficient on its face, the Court proceeded to address "both of the issues" raised in Appellant's PCRA petition, "in the hopes that they do in fact represent [Appellant's] only complaints on appeal." *Id.* at 3-7 (unnumbered). The two claims examined and dismissed in the Rule 1925(a) opinion included the two claims raised in the petition filed in the firearm case, *i.e.*, a violation of due process rights claim for not bringing Appellant to trial within 365 days and an ineffectiveness claim for preparing but not filing a Rule 600 motion to dismiss. The court determined that neither claim had merit and concluded its order "must not be disturbed." *Id.* at 8 (unnumbered). The court did not discuss the illegal sentence claim raised in the petition filed in the PWID case, the sole claim specifically explored in Attorney Cotter's *Finley* letter upon which the court entered the July 10, 2017 order denying post-conviction relief.

Attorney Mann filed an **Anders**[5] brief with this Court, raising three issues:

> A. Whether [Appellant's] due process rights were violated due to the court's inability to bring him to trial within 365 days?
>
> B. Whether plea counsel was ineffective for preparing a motion to argue that [Appellant's] due process rights were being violated but never filed the motion?
>
> C. Whether the sentence was illegal due to recent court rulings on mandatory drug cases and the sentencing guidelines?

Appellant's Brief at 3.

Before addressing the merits of Appellant's issues, and even before considering whether Appellant has preserved his issues for appeal, we first address the PCRA court's appointment of counsel for this appeal. As this Court noted in **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012):

> **Commonwealth v. Maple**, [559 A.2d 953 (Pa Super. 1989)], forbids appointment of new counsel where a proper **Turner**[6]**/Finley** no-merit letter has been accepted and counsel was permitted to withdraw. **Maple, supra** at 956 ("when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in **Turner**, new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.")

_____

[5] **Anders v. California**, 386 U.S. 738 (1967).

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

*Id.* at 1183 n. 1 (footnote omitted). Based on **Maple**, and as recently reflected in this Court's decision in **Rykard**, it is clear counsel should not have been appointed. Therefore, we grant counsel's petition to withdraw.

Because we have granted counsel's petition to withdraw, we next consider, as did this Court in **Maple**, whether Appellant must be afforded the opportunity to file a brief on his own where the appeal is supported only by an **Anders** brief. Addressing the issue in **Maple**, this Court concluded, "We necessarily answer in the affirmative because the right to pursue the appeal remains unaffected by **Turner**, even if the right to counsel has been vindicated by a proper withdrawal." **Maple**, 559 A.2d at 957. Moreover,

> whatever the lack of entitlement to counsel, the fact remains that when counsel is appointed the effect is to instill in the mind of the appellant a belief that his interests are being protected without the need for participation on his part. Thus, whenever appellate counsel is permitted to withdraw on the grounds that his appointment was improper under **Turner**, the court must determine whether the appellant has been given the opportunity to proceed on his own behalf.

*Id.* at 958.

In the instant case, PCRA counsel provided a copy of his **Finley** letter to Appellant and advised him of his right to proceed *pro se* or retain other counsel in the event the PCRA court granted the petition to withdraw. Further, the PCRA court invited Appellant to respond to the Rule 907 notice within 20 days of its issuance. Appellant did not file a response and did not proceed either *pro se* or with privately-retained counsel after the court issued its order granting counsel's petition to withdraw and dismissing Appellant's petition.

Further, Appellant did not respond to the letter from appeals counsel that accompanied counsel's petition to withdraw filed in conjunction with her *Anders* brief. Under the circumstances, we conclude, as did this Court in *Maples*, that "[f]rom his silence we conclude that [Appellant] is content to have us review his appeal based on what we have before us." *Maples*, 559 A.2d at 958.

We next consider whether Appellant has preserved any issues for appeal. While he asks us to consider three issues, his Rule 1925(b) statement simply asserted PCRA court error, as a matter of law, for denying Appellant's petition without a hearing, "where [Appellant] alleged an issue of arguable merit." Rule 1925(b) Statement, 9/11/17, at ¶ 2. As noted above, the statement did not identify the "issue of arguable merit" purportedly alleged in either of Appellant's petitions.

In its Rule 1925(a) opinion, the PCRA court noted "[a]s a preliminary matter, [] that the concise statement submitted by [Appellant] on September 11, 2017 does not adequately identify the issues raise on appeal, and thus does not meet the requirements of Pa.R.A.P. 1925." PCRA Rule 1925(a) Opinion, 11/13/17, at 2 (unnumbered) (some capitalization omitted). As this Court reiterated in *Commonwealth v. Smith*, 955 A.2d 391 (Pa. Super. 2008):

> It has been held that when the trial court directs an appellant to file a concise statement of matters complained of on appeal, any issues that are not raised in such a statement will be waived for appellate review. *Commonwealth v. Dowling*, 778 A.2d 683,

- 9 -

686 (Pa. Super. 2001), citing **Commonwealth v. Lord**, 553 Pa. 415, 418, 719 A.2d 306, 308 (1998). Similarly, when issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all. **Id.** Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. **Commonwealth v. Lemon**, 804 A.2d 34, 37 (Pa. Super. 2002). Thus, Rule 1925 is a crucial component of the appellate process. **Id.** "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Id.**, citing **Dowling, supra.**

**Id.** at 393.

The PCRA court here expressed its belief that Appellant's 1925(b) statement was insufficient on its face. PCRA Opinion, 11/13/17, at 3 (unnumbered). Nevertheless, the court indicated it would "address both of the issues [Appellant] raised in his PCRA petition, in the hopes that they do in fact represent [Appellant's] only complaints on appeal." **Id.** As noted above, the court proceeded to address claims raised by Appellant in the petition filed in the firearm case, but did not discuss the claim raised in the petition filed in the PWID case, despite the fact PCRA counsel limited the discussion in the **Finley** letter to that claim. Clearly, the PCRA had to guess what issues Appellant intended to raise on appeal. As such, the Rule 1925(b) statement was insufficient for meaningful review by this Court. "Because Appellant's

vague Concise Statement has hampered appellate review, [his issues are] waived." ***Dowling***, 778 A.2d at 687.[7]

Even if his issues were not waived, Appellant would not be entitled to relief. As PCRA counsel correctly concluded in his ***Finley*** letter, the sentence imposed in Appellant's PWID case was not illegal. As PCRA counsel explained, the sentence was less than the maximum allowable sentence, it was in the mitigated range, and sentencing guidelines do not apply to violation-of-probation cases. Further, the guilty plea was knowing, intelligent, and voluntary. ***See Finley*** letter, 2/16/17, at 2 (citations and references to notes of testimony omitted). As for the firearm case, as the PCRA court explained, counsel was not ineffective for failing to file a Rule 600 motion because counsel did, in fact, file such a motion on May 27, 2014. Rule 1925(a) Opinion, 11/13/17, at 5 (unnumbered). Appellant entered into his guilty plea on August 4, 2015, prior to disposition of the Rule 600 motion. Further, as the PCRA court's calculations reflect, Appellant cannot demonstrate a Rule 600 violation. ***Id.*** at 6-7. Moreover, as the Commonwealth recognizes, Appellant waived his right to a Rule 600 claim by entering a guilty plea, and he cannot raise a claim in a petition that has been waived. Commonwealth's Brief at 6 (quoting ***Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007) ("A plea

---

[7] In ***Lemon***, we held that an issue not specifically raised in the appellant's Rule 1925(b) statement and not addressed by the PCRA court is "certainly waived." ***Lemon***, 804 A.2d at 38 (citing, *inter alia*, ***Dowling***).

of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea.")).  Therefore, even if Appellant had preserved the issues he raises in the brief filed with the Court, he would not be entitled to relief.

Because Appellant was not entitled to the appointment of counsel on appeal, counsel's petition to withdraw is granted.  Because Appellant has not preserved any issues for appeal, there is no basis for this Court to disturb the July 10, 2017 order dismissing Appellant's petitions.  Again, even if preserved, the issues raised in the brief do not provide any basis for relief.

Petition to withdraw granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/19