J-S43007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO JUNIOR SERRANO | : | |
| | : | |
| Appellant | : | No. 949 EDA 2022 |

Appeal from the PCRA Order Entered March 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003675-2018

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 20, 2023**

Appellant, Antonio Junior Serrano, appeals *pro se* from the March 7, 2022 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On July 20, 2020, the trial court sentenced Appellant to 15 to 30 years' incarceration after a jury convicted him of Rape, Aggravated Indecent Assault, Indecent Assault, and Terroristic Threats related to acts he perpetrated against his aunt. On August 6, 2021, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Serrano***, 262 A.3d 472, 2021 WL 3465961 (Pa. Super. filed Aug. 6, 2021) (non-precedential decision). Appellant failed to perfect an appeal to the Pennsylvania Supreme Court.[1]

_____

[1] On September 21, 2021, Appellant filed an untimely petition for review with our Supreme Court. On October 4, 2021, the Court administratively closed the
*(Footnote Continued Next Page)*

On September 20, 2021, Appellant *pro se* filed the instant PCRA Petition, his first. On December 9, 2021, the PCRA court appointed counsel. On January 4, 2022, counsel filed a **Turner/Finley**[2] no merit letter and petition to withdraw as counsel.

On February 2, 2022, the PCRA court granted counsel's request to withdraw. On February 15, 2022, the court issued notice to Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 7, 2022, the PCRA court dismissed Appellant's petition.[3]

Appellant timely filed a Notice of Appeal and both he and the PCRA court complied with Pa.R.A.P. 1925. In his brief, Appellant raises a litany of issues for our review, which we organize as follows:

> 1. Was PCRA counsel ineffective for not raising trial counsel's ineffectiveness, for failing to:
>
>> A. Challenge the admission of prior bad acts evidence at Appellant's trial?
>>
>> B. Introduce exculpatory DNA evidence?
>>
>> C. Preserve and raise a challenge to the weight of the evidence?
>
> 2. Did the PCRA court err by permitting counsel to withdraw based on an insufficient **Turner/Finley** letter?

---

appeal. Then, on October 12, 2021, Appellant filed a request for *nunc pro tunc* relief in the Supreme Court. The Court again administratively closed the appeal.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] As discussed *infra*, Appellant filed an untimely response to the court's Rule 907 notice.

3. Did the PCRA court err by conducting an insufficient review of the record before dismissing Appellant's petition?

*See* Appellant's Br. at 4, 10-32.[4]

**A.**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Mullen***, 267 A.3d 507, 511 (Pa. Super. 2021).

Additionally, an appellant must "support [his] claims with pertinent discussion, with references to the record and with citation to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). We "will not act as counsel and will not develop arguments on behalf of an appellant."

_____

[4] Appellant also complains that because the Department of Corrections ("DOC") mail procedures require the use of Smart Communications, he received the PCRA court's Rule 907 notice late and he could not file his response until March 8, 2022, which was the day after the court dismissed his petition. Appellant's Br. at 11, 17-18. In his Rule 907 response, Appellant requested solely that the PCRA court appoint him new counsel or allow him "to go *pro se* with a stand by lawyer[.]" Letter response, 3/8/22, at 1-2 (unpaginated). As this Court has recognized, Pennsylvania law "forbids appointment of new counsel where a proper ***Turner***[]/***Finley*** no-merit letter has been accepted and counsel was permitted to withdraw." ***Commonwealth v. Williams***, 204 A.3d 489, 493 (Pa. Super. 2019) (citation omitted). Thus, even if the court has timely received Appellant's response, it would not have changed the court's disposition.

*Id.* Where briefing defects "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id. See also* Pa.R.A.P. 2101. Appellant's *pro se* status does not relieve him of the obligation to comply with this Court's briefing rules. ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

**B.**

Appellant's issue contains multiple allegations of layered ineffectiveness of PCRA and trial counsel. Appellant's Br. at 20-33. The law presumes that counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003).

To prevail on a layered ineffectiveness claim, Appellant must satisfy each element of the test "as to each layer of allegedly ineffective counsel[.]" ***Commonwealth v. Dennis***, 17 A.3d 297, 302 (Pa. 2011). Where an appellant fails to meaningfully discuss and apply each of the three prongs of the ineffectiveness test, we will deny relief. ***Commonwealth v. Reid***, 259 A.3d 395, 405 (Pa. 2021).

- 4 -

Unfortunately, Appellant's claims are universally underdeveloped. He does not address any of the three prongs of the ineffectiveness test with respect to trial or PCRA counsels' stewardship. Additionally, the argument section of Appellant's brief is devoid of citation to the notes of testimony and includes only two citations to the certified record. In short, despite presenting three allegations of layered ineffectiveness across thirteen pages of argument, Appellant has failed to develop his argument sufficiently and through the lens of the well-established test for ineffective assistance of counsel. We, thus, deny relief.

## C.

In his second issue, Appellant alleges that the PCRA court erred by permitting PCRA counsel to withdraw from representation based on a deficient *Turner*/*Finley* letter. Appellant's Br. at 13. He alleges that "a fair reading of [his] defective [*pro se* petition] reveals that he wished to raise issues concerning challenges to the collection [and] admissibility of DNA evidence." *Id.* at 14. In essence, Appellant alleges that counsel failed to satisfy the dictates of *Turner*/*Finley* by not addressing this issue and, therefore, the court erred by permitting counsel to withdraw.

As is relevant to this case, to be permitted to withdraw, counsel's *Turner*/*Finley* letter must, *inter alia*, list each issue the petitioner wished to have reviewed and explain why the petitioner's issues are meritless. *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016).

A review of Appellant's *pro se* PCRA Petition and counsel's ***Turner/Finley*** letter proves that counsel complied with ***Turner/Finley*** and, therefore, Appellant's claim is without merit. In his *pro se* petition, Appellant argued that the Commonwealth obtained his DNA through "entrapment." PCRA Petition, 9/20/21, at 3. Counsel addressed this allegation in his ***Turner/Finley*** letter, explaining that an entrapment defense provided "no support" in Appellant's case because the record is devoid of proof that a law enforcement officer induced Appellant to engage in criminal conduct.[5] Motion to Withdraw, 1/4/22, at Ex. A, pg. 3 (unpaginated). Moreover, counsel explained that "a sample of your bodily tissue was obtained through the use of a motion to compel DNA extraction[ based on probable cause provided by] your [aunt's] statements that you sexually assaulted her and the forensic examination of her body following her disclosure of [the] abuse." ***Id.***

Since counsel complied with the dictates of ***Turner/Finley*** by addressing the issue Appellant wished to have reviewed, it was within the PCRA court's discretion to permit counsel to withdraw. We discern no abuse of that discretion.

**D.**

In his final issue, Appellant argues that the PCRA court erred by dismissing his petition without a hearing. Appellant's Br. at 16-17. Appellant

---

[5] ***See*** 18 Pa.C.S. § 313(a) ("[a] public law enforcement official [commits] entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conducting constitution such offense[.]"

does not, however, explain why a hearing was necessary.[6] Instead, he makes a generalized statement about "meritorious issues" and "cumulative" error:

> In this case, [Appellant] was deprived of a hearing on meritorious issues concerning the cumulative effect of trial counsel and appellate counsel's errors, because the PCRA court failed to independently evaluate the [record].

Appellant's Br. at 17.

Appellant does not elaborate on what "meritorious issues" he raised, or what "cumulative" error counsel committed. As a result of Appellant's failure to adequately develop this issue, it is waived.[7]

Considering the above, we affirm the PCRA court's order dismissing Appellant's petition without a hearing.

Order affirmed.

---

[6] A petitioner is not entitled to a PCRA hearing, and a PCRA court has the discretion to dismiss a petition without a hearing when it is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1).

[7] Moreover, Appellant's claim is without merit. As the PCRA court's opinion indicates, and our review of the record confirms, the PCRA court adequately considered each issue Appellant raised before dismissing his petition. **See** PCRA Petition at 3; PCRA Ct. Op., 2/15/22, at 1 n.1. We discern no abuse of the PCRA court's discretion in doing so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2023