J-S23005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT RUTHERFORD-DORSEY | : | |
| | : | |
| | : | No. 2034 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 12, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001209-2021

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED AUGUST 5, 2025**

Vincent Rutherford-Dorsey ("Rutherford-Dorsey") appeals from the judgment of sentence following his convictions of involuntary deviate sexual intercourse with a child ("IDSI with a child"), indecent assault of a person less than 13, and corruption of minors.[1]  We affirm.

In 2018 or 2019, Rutherford-Dorsey anally raped his autistic 11-year-old nephew, A.R. ("the victim"), who was then in the custody of his paternal grandmother ("Grandmother").  The victim ultimately reported the abuse to grandmother and his mother ("Mother") and was interviewed by an employee of the Philadelphia Children's Alliance.

---

[1] **See** 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 6301.

In April 2022, the Commonwealth filed a motion under the Tender Years Statute[2] to introduce the victim's statements to Mother in October 2019 and to a forensic examiner in December 2019 about Rutherford-Dorsey's sexual abuse of him. The Commonwealth attached to its motion a transcript of a hearing prior to Rutherford-Dorsey's January 2021 preliminary hearing concerning the admissibility of those statements.[3] At a subsequent pre-trial hearing, Rutherford-Dorsey's counsel asserted he was "not completely opposed" to the Commonwealth's motion, his only concern was whether the victim's testimony would be admissible if he were unavailable to testify at trial. *See* N.T., 7/25/22, at 5-8. Counsel expressly stated, "So, if the witness is present, then I have - - I mean, there's no objection. There's no issue." *Id*. at 7.

In June 2023, the court held a hearing on Rutherford-Dorsey's motion *in limine* seeking the admission of DHS records. In November 2023, the court entered an order partially granting and partially denying Rutherford-Dorsey's motion. Of relevance to this appeal, the court precluded the admission of DHS records showing Mother physically abused the victim and the victim was removed to Grandmother's home. *See* Order 11/21/23, at 2 (unnumbered).

_____

[2] *See* 42 Pa.C.S.A. § 5985.1.

[3] Mother testified at that hearing and described the circumstances of the victim's disclosure to her, his description of Rutherford-Dorsey's sexual abuse, his autism, his understanding of the difference between the truth and a lie. *See* N.T., 1/12/21, at 7-22, 33-36

At trial, the victim testified Rutherford-Dorsey anally raped him twice on the same day. Mother testified about the victim's disclosure of the abuse. The Commonwealth presented an expert in victim dynamics and child sexual abuse cases who addressed delayed disclosure, and the jury saw a videotaped interview the victim gave describing the abuse. *See* Trial Court Opinion, 11/13/24, at 2-6. Rutherford-Dorsey testified at trial and denied sexually abusing the victim. *See id*. at 10-11.

Following trial, a jury found Rutherford-Dorsey guilty of the above-listed offenses. In March 2024, the court imposed an aggregate sentence of ten-to-twenty years of incarceration with three years of consecutive probation. Rutherford-Dorsey filed a post-sentence motion which the trial court denied. This appeal followed. Both Rutherford-Dorsey and the trial court complied with Pa.R.A.P. 1925.

On appeal, Rutherford-Dorsey presents six issues for our review:

1. Whether there was insufficient evidence to prove beyond a reasonable doubt that [Rutherford-Dorsey] was guilty of . . . [IDSI with a child] . . . as the Commonwealth did not present sufficient evidence to prove that [Rutherford-Dorsey] engaged in [IDSI] with a complainant who is less than 13 years of age?

2. Whether there was insufficient evidence to prove beyond a reasonable doubt that [Rutherford-Dorsey] was guilty of . . . indecent assault [of a] person less than 13 . . . as the Commonwealth did not present sufficient evidence that . . . Rutherford-Dorsey had indecent contact with the complainant, caused the complainant to have indecent contact with . . . Rutherford-Dorsey, or intentionally caused the complainant to come into contact with seminal fluid, urine or feces for the purposes of arousing sexual desire in . . . Rutherford-Dorsey or

the complainant and the complainant was less than 13 years of age[?]

3. Whether there was insufficient evidence to prove beyond a reasonable doubt that [Rutherford-Dorsey] was guilty of . . . corruption of minors . . . as the Commonwealth did not present sufficient evidence to prove that . . . Rutherford-Dorsey, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupted or tended to corrupt the morals of a minor . . . , or that he aided, abetted, enticed or encouraged any such minor in the commission of an offense under Chapter 31[?]

4. Whether the trial court erred and abused its discretion in denying . . . Rutherford-Dorsey's post-sentence motion alleging that the verdict was against the weight of the evidence based upon the arguments made in the pleadings and at the post-sentence motions hearing . . . [?]

5. Whether the trial court erred and abused its discretion in barring [Rutherford-Dorsey] from introducing or referencing various DHS records involving . . . the complainant's mother . . . and/or . . . the complainant . . . including reports of abuse by [Mother] of [the complainant] and that custody was awarded to . . . [Grandmother] [?]

6. Whether the trial court erred and abused its discretion in allowing Commonwealth witnesses, [Mother] and Leslie Santos (forensic interviewer), to testify to statements allegedly made by [the complainant] prior to trial[?]

Rutherford-Dorsey's Brief at 10-12 (capitalization standardized).

Rutherford-Dorsey's first three issues implicate the sufficiency of the evidence. Concerning such challenges, we have stated:

Our applicable standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, was sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. Additionally, when examining sufficiency issues, we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated

and all evidence received against the defendant considered; and the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility.

This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

*Commonwealth v. Dewald*, 317 A.3d 1020, 1038 (Pa. Super. 2024) (internal citations, quotations, brackets, and indentation omitted). An appellant may not have review of the facts in the light most favorable to himself; rather, we view the facts in the light most favorable to the Commonwealth as verdict-winner. *See Commonwealth v. Diggs*, 949 A.2d 873, 878 (Pa. 2008), *Commonwealth v. Mitchell*, 2025 WL 1176990 (Pa. Super. 2025) (unpublished memorandum at * 2)[4] (declining to grant relief on a sufficiency claim based on facts viewed in the light favorable to the Rutherford-Dorsey).

A person commits the crime of IDSI with a child when the person engages in deviate sexual intercourse with a person who is less than 13 years old. *See* 18 Pa.C.S.A. § 3123(b). Deviate sexual intercourse includes, *inter alia*, sexual intercourse per os or per anus between human beings and includes penetration, however slight. *See* 18 Pa.C.S.A. § 3101. A person commits the

___

[4] Pursuant to Pa.R.A.P. 126(b), unpublished memoranda filed by this Court after May 1, 2019, may be cited for their persuasive value.

crime of indecent assault with a child under thirteen years of age where he has indecent conduct, defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person," with a child under 13 years of age, or intentionally causes the child to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the child. 18 Pa.C.S.A. §3126(a)(7). A person commits corruption of minors where being 18 years old or older, by any course of conduct in violation of Chapter 31 (relating to sexual offenses), he corrupts or tends to corrupt the morals of any minor less than eighteen years old, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31. *See* 18 Pa.C.S.A. § 6301(a)(ii). A victim's uncorroborated testimony is sufficient to support a sexual assault conviction. *See Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa. Super. 2018).

The evidence was sufficient to sustain Rutherford-Dorsey's convictions.[5] The victim testified that on two occasions on the same day when he was younger than thirteen, Rutherford-Dorsey pulled his pants and underwear down, put him on a bed, removed his own underwear, and anally raped him.

_____

[5] Notably, Rutherford-Dorsey's 1925(b) Statement fails to identify the allegedly deficient element(s). *See* Rutherford-Dorsey's 1925(b) Statement, 9/10/24, at 1-2 (unnumbered). Additionally, Rutherford-Dorsey improperly seeks review of facts in the light favorable to himself. *See Diggs*, 949 A.2d at 878; *Mitchell*, 2025 WL 1176990 (unpublished memorandum at *2).

*See* N.T., 11/29/23, 94-105. Testimony that Rutherford-Dorsey penetrated the victim's anus twice with his penis when the victim was less than thirteen years old established Rutherford-Dorsey's commission of IDSI of a child, indecent assault of a child under 13, and corruption of minors. *See* 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 6301. *See also Johnson*, 180 A.3d at 479. The trial court did not err when it found the victim's testimony sufficiently established Rutherford-Dorsey's commission of the charged crimes. *See* Trial Court Opinion, 11/13/24, at 17-20.

Rutherford-Dorsey's next issue asserts the jury's verdicts were against the weight of the evidence. Our standard of review is settled:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of [J]ustice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and internal quotation marks omitted); *Commonwealth v. Wright*, 314 A.3d 515, 524 (Pa. Super. 2024) (same).

Rutherford-Dorsey's 1925(b) Statement expressly incorporated by reference the arguments made in the pleadings and at the post-sentence motion hearings without any other discussion. This claim is waived for failure to state which verdict or verdicts were contrary to the evidence and provide specific arguments why that was so. *See Freeman*, 128 A.3d at 1248-1249.

Even if reviewable, Rutherford-Dorsey's claim would be meritless. Rutherford-Dorsey contends he had no access to the victim and the victim incorrectly stated he had tattoos. *See* Rutherford-Dorsey's Brief at 21. The trial court found the jury's verdict did not shock its conscience, noting that the jury was free to believe, all, part of none of the witnesses' testimony and chose to believe the Commonwealth's witnesses and reject all or part of Rutherford-Dorsey's testimony. *See* Trial Court Opinion, 11/13/24, at 21-23.

The trial court correctly ruled. It was exclusively for the jury to weigh the credibility of the witnesses. *See Boyd*, 73 A.3d at 1274-75; *Wright*, 314 A.3d at 524. Any minor discrepancies in the victim's testimony do not merit the grant of weight relief. *See Commonwealth v. Fuentes*, 272 A.3d 511, 517, 519 (Pa. Super. 2022). *See also Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (declaring a challenge to a trial court's ruling on a

weight claim to be "[o]ne of the least assailable reasons for granting or denying a new trial"). No relief is due.

Rutherford-Dorsey's next two issues assert the trial court abused its discretion by precluding the admission of Department of Human Services ("DHS") records showing Mother previously physically abused the victim leading to his placement with Grandmother and coached him to lie about other, unrelated injuries, and, further, the trial court abused its discretion by precluding him from cross-examining Mother about her physical abuse of the victim. *See* Rutherford-Dorsey's Brief at 21-23.

The admissibility of evidence is:

> solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon abuse of that discretion. An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous. Moreover, an erroneous ruling by a trial court on an evidentiary issue does not necessitate relief where the error was harmless beyond a reasonable doubt.

*See Commonwealth v. Lehman*, 275 A.3d 513, 518-19 (Pa. Super. 2022) (citation omitted).

Only relevant evidence is admissible at trial. *See* Pa.R.E. 402. Evidence is relevant if it tends to make a material fact more or less probable than it would be without the evidence. *See* Pa.R.E. 401. Even if relevant, evidence may nevertheless be excluded if its probative value is outweighed by unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time or constituting cumulative evidence. **See** Pa.R.E. 403.

Rutherford-Dorsey asserts evidence Mother coached her children about other alleged abuse was admissible for impeachment to show she coached the victim in this case under Pa.R.E. 607(b). **See** Rutherford-Dorsey's Brief at 22-23, citing DHS record "VRD 11." However, he failed to preserve his claim in his 1925(b) statement. There, in a challenge to the preclusion of the admission of certain DHS records, he assigned error only to:

> The [t]rial [c]ourt's order on November 21st, 2023, barring the Defense from introducing various DHS records involving [Mother] and/or [the victim] including reports referencing abuse by [Mother] of [the victim] and that custody was awarded to [Grandmother].

**See** Rutherford-Dorsey's 1925(b) Statement at 1-2 (unnumbered). Nowhere in his 1925(b) statement did Rutherford-Dorsey alert the court to his "coaching" theory or to the alleged applicability of Pa.R.E. 607(b), and the trial court did not address that claim. It is, accordingly, unreviewable. **See Commonwealth v. Williams**, 204 A.3d 489, 494 (Pa. Super. 2019) (stating that where issues in a 1925(b) statement are too vague for the trial court to identify and address, appellate review is hampered and the issue is waived).[6]

---

[6] Moreover, Mother did not testify about Rutherford-Dorsey's sexual abuse of the victim; that testimony came from the victim and other sources. Rutherford-Dorsey was not precluded from attempting to impeach Mother without the document, and no limitation was placed on his ability to cross-examine the victim about whether Mother had coached him. Additionally,
*(Footnote Continued Next Page)*

Concerning the claim Rutherford-Dorsey **did** preserve in his 1925(b) statement, *i.e.*, that he should have been permitted to cross-examine Mother about her physical abuse of the victim and the victim's subsequent residence with Grandmother, the trial court held evidence of Mother's prior physical abuse of the victim explained only why the victim was living with Grandmother when the abuse occurred, and the victim's removal from Mother's home was irrelevant to the charged crimes. **See** Trial Court Opinion, 11/13/24, at 23-24. The record offers no basis to conclude the victim's removal from Mother's home was relevant to sexual abuse charges against Rutherford-Dorsey. Accordingly, the trial court did not err by precluding that evidence. **See** Pa.R.E. 401, 402, 403.

Rutherford-Dorsey's final issue asserts the victim's statements to his Mother and a forensic interviewer failed to satisfy the requirements of the Tender Years Statute. **See** Rutherford-Dorsey's Brief at 23-26. Rutherford-Dorsey contends the court did not determine whether the victim would be able to communicate reasonably at trial. **See id**. at 24-25. Rutherford-Dorsey also asserts the forensic interviewer's supervisor's trial testimony failed to establish her qualifications to interview children with disabilities. **See id**. at 26.

---

Rutherford-Dorsey does not explain how a DHS investigator's alleged conclusion Mother coached her children to lie about physical injuries she inflicted, **see** N.T., 6/23/23, at 23, would have been admissible at trial without the investigator's testimony.

Pursuant to the Tender Years Act, an out-of-court statement by a child victim under the age of 16 describing sexual abuse is admissible at a criminal trial if:

> (i) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
>
> (ii) the child either:
>
> > (A) testifies at the proceeding; or
> >
> > (B) is unavailable as a witness.

42 Pa.C.S.A. 5985.1(a)(1)(i)-(ii). Indicia of reliability include, *inter alia*, the spontaneity of statements, consistency in repetition, the declarant's mental state, the use of unexpected terms in a child of that age, and lack of a motive to fabricate. **See Commonwealth v. Strafford**, 194 A.3d 168, 173-74 (Pa. Super. 2018). The Tender Years Act also requires the provision of notice to the defense prior to trial. **See** 42 Pa.C.S.A. 5985.1(b).

The trial court found the Commonwealth provided the requisite notice of its intent to introduce the victim's statements and Rutherford-Dorsey raised no objection to the admission of those statements at trial. **See** Trial Court Opinion, 11/13/24, at 26.

We must first address whether Rutherford-Dorsey preserved his objection before we can address his claim's merits. In April 2022, the Commonwealth filed a motion to admit the victim's out-of-court statements to his Mother and a forensic examiner in 2019 about the Rutherford-Dorsey's abuse, having already litigated the admissibility of the statements prior to

Rutherford-Dorsey's preliminary hearing. At a hearing on the Commonwealth's motion to admit the statements at trial, Rutherford-Dorsey's counsel stated that if the victim was present at trial, there was "no objection. There's no issue." N.T., 7/25/22, at 7. Because Rutherford-Dorsey not only did not object, but conceded the admissibility of the evidence, on appeal he may not assign error to its admission. *See Commonwealth v. T.B.*, 232 A.3d 915, 922 (Pa. Super. 2020) (holding failure to raise objection at trial to admission of evidence waives claim on appeal). Rutherford-Dorsey additionally waived his claim concerning the admissibility of the forensic interviewer's testimony by failing to provide any legal authority or any discussion of the application of that authority to the facts at issue. *See* Pa.R.A.P. 2119(a), (c).

Judgment of sentence affirmed.

Judge Murray joins this decision.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2025

- 13 -