J-S22027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY TYLER FOX | : | |
| | : | |
| Appellant | : | No. 1175 MDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001077-2022

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 13, 2025**

Anthony Tyler Fox appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). In this Court, Kristen L. Weisenberger, Esquire, has filed a petition to withdraw as Appellant's counsel and a brief styled pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] We affirm the order and grant counsel's application to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Withdrawal of counsel in PCRA appeals is governed not by ***Anders***, but ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Typically, based on the heighted protection afforded by ***Anders***, "this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finely*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). However, due to our disposition, there is no cause to analyze whether Attorney Weisenberger's filing comports with ***Turner/Finley***.

This matter arises from Appellant's open guilty plea to: four counts each of rape of a child, corruption of minors, and unlawful contact with a minor; three counts of aggravated indecent assault; and one count each of involuntary deviate sexual intercourse with a child, indecent assault with a person less than thirteen years of age, incest with a minor under thirteen years of age, indecent exposure, possession of child pornography, and criminal use of a communication facility. Appellant committed these crimes against multiple victims, including his biological daughter, who at the time was between six and seven years old, and recorded the assaults on his cell phone.

Prior to sentencing, plea counsel provided the court with a sentencing memorandum containing a lengthy report authored by Frank M. Dattilio, Ph.D., who interviewed Appellant. Dr. Dattilio expounded upon Appellant's claim that the combination of medication and narcotics he took during the period that he committed his crimes caused him to black out and lose memory. *See* Sentencing Memorandum, 6/24/22, at 8-14. At the ensuing sentencing hearing, the court conducted a colloquy, allowed Appellant to exercise his right to allocution, and ultimately sentenced him to seventy-nine to one hundred and fifty-eight years in prison.

Appellant filed an unsuccessful post-sentence motion, alleging that his sentence was excessive. This Court affirmed Appellant's judgment of sentence on appeal, rejecting Appellant's argument that the sentencing court failed to adequately weigh mitigating evidence such as his mental illness or the effects

of his drug and alcohol use. **See Commonwealth v. Fox**, 303 A.3d 746, 2023 WL 4446365 (Pa.Super. 2023) (non-precedential decision). Subsequently, Appellant submitted the instant timely *pro se* PCRA petition. He alleged that plea counsel was ineffective for neglecting to inform him that his sentence could have been negotiated, and that counsel failed to adequately investigate the side effects of the drugs Appellant consumed during the period that he committed the crimes. **See** PCRA Petition, 12/1/23, at ¶¶ 4, 6.

Andrew Cooper, Esquire, was appointed, and he filed a letter pursuant to **Turner**/**Finley** seeking to withdraw. Counsel confirmed that he reviewed the record and determined that Appellant's challenges to plea counsel's effectiveness were meritless. **See Turner**/**Finley** letter, 5/30/24, at 1-3 (pagination provided). Attorney Cooper sent a copy of the letter to Appellant and informed him that he had the right to proceed *pro se* or with privately retained counsel. **Id**. at 3.

The PCRA court issued a Pa.R.Crim.P. 907 notice informing Appellant of its intent to dismiss the petition without a hearing because it found that his claims were without merit and granting Attorney Cooper's application to withdraw. The court further informed Appellant of his right to respond to the notice within twenty days. Appellant did not reply, and thus the court dismissed the petition. In the dismissal order, the court also advised Appellant that if he intended to appeal, "he must do so *pro se* or with privately retained counsel" within thirty days. **See** Order, 8/2/24.

This timely *pro se* appeal followed. Despite the PCRA court's previous directive, it appointed Attorney Weisenberger to represent Appellant in this appeal. In response to the court's Pa.R.A.P. 1925(b) order, counsel filed a statement in accordance with Rule 1925(c)(4) indicating her intent to withdraw. The court issued a Rule 1925(a) opinion stating that it had no issues to address based on counsel's notice.

As mentioned, Attorney Weisenberger has filed an application to withdraw in this Court. Preliminarily, we address the court's appointment of appellate counsel despite permitting PCRA counsel to withdraw pursuant to ***Turner***/***Finley***. This Court has explained:

> ***Commonwealth v. Maple***, 559 A.2d 953 (Pa.Super. 1989), forbids appointment of new counsel where a proper ***Turner***/***Finley*** no-merit letter has been accepted and counsel was permitted to withdraw. ***Maple***, 559 A.2d at 956 ("[W]hen counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in ***Turner***, new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.")

***Commonwealth v. Williams***, 204 A.3d 489, 493 (Pa.Super. 2019) (cleaned up, citations altered). Accordingly, because the PCRA court granted Attorney Cooper's application to withdraw, it had no authority to appoint Attorney Weisenberger to pursue Appellant's PCRA appeal. Thus, we grant her application to withdraw.

Having granted counsel's request, this Court must now "determine whether the appellant has been given the opportunity to proceed on his own behalf." *Id*. at 494 (cleaned up). Appellant did not respond to Attorney Cooper's **Turner**/**Finley** letter or the court's Rule 907 notice, despite being advised of his right to do so. He did, however, submit a *pro se* response to Attorney Weisenberger's filing arguing that his sentence is excessive and the court failed to consider the effects of his prescription and narcotic drug use. Therefore, we proceed to analyze this claim. **See Maple**, 559 A.2d at 957 ("Concerning the appeal itself, because **Turner**[/**Finley**] does not require an independent review of the record to determine whether the claims sought to be raised are frivolous, we will treat this appeal as we would any other and limit our review to those issues which have been properly preserved and argued to us.").

We begin our review with the applicable law. This Court's assessment of the dismissal of a PCRA petition is "to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa.Super. 2024). We grant great deference to the PCRA court's factual findings, but review its legal conclusions *de novo*. **See Commonwealth v. Yaw**, 305 A.3d 1068, 1078 (Pa.Super. 2023). Appellant has the burden "to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up). To be eligible for relief, he must

demonstrate that "the allegation of error has not been previously litigated." 42 Pa.C.S. § 9543(a)(3). A previously litigated issue is one that "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2).

In Appellant's *pro se* response to Attorney Weisenberger's filing, he claims that his sentence is excessive. **See** *Pro Se* Response, 1/5/25, at 4. The combined side effects of the prescription and narcotic drugs he took during the period that he committed the assaults, Appellant explains, "correlate directly with the offenses that took place." **Id**. at 3. He alleges that if the "distortion" caused by the concoction of his drugs was "properly investigated" by the court prior to sentencing, it would have issued a less severe sentence. **Id**. at 2-4.

Appellant's excessive sentencing claim has been previously raised and resolved on direct appeal. **See Fox**, 2023 WL 4446365. Following our disposition, Appellant did not seek permission to appeal to our Supreme Court. He has thus exhausted his remedies on this issue, and we may not address it. **See** 42 Pa.C.S. § 9543(a)(3); 42 Pa.C.S. § 9544(a)(2). Having raised no issue meriting relief, we affirm the PCRA court's dismissal of his PCRA petition.

Petition of Kristen L. Weisenberger, Esquire, to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/13/2025