J-S14045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :              PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| EMELIO PERRALTA | : |
| | : |
| Appellant | : No. 435 MDA 2025 |

Appeal from the PCRA Order Entered April 1, 2025
In the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0006636-2019

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 26, 2026**

Emelio Perralta (Appellant) appeals *pro se* from the order, following remand, which denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 23, 2019, Appellant was arrested and charged with delivery of fentanyl, delivery of fentanyl resulting in death, and possession with intent to deliver (PWID) fentanyl. ***See Commonwealth v. Perralta***, 329 A.3d 638, 690 MDA 2023, 2024 WL 4533600 at *1 (Pa. Super. filed Oct. 21, 2024) (unpublished memorandum). We previously explained:

> On December 9, 2021, [a] jury convicted Appellant of all charges. On March 9, 2022, the trial court sentenced Appellant to an aggregate term of imprisonment of 9 to 18 years' incarceration, consisting of consecutive sentences of 6 to 12 years for the drug delivery resulting in death conviction and 3 to 6 years for PWID[,] and concurrent sentences of 2 to 5 years on the other charges. Appellant filed timely direct appeals but discontinued the appeals on April 21, 2022.

*Id.* at *2 (citations omitted).

On April 29, 2022, Appellant filed a *pro se* PCRA petition claiming that his trial counsel was ineffective. The PCRA court appointed counsel, who filed an amended PCRA petition. The PCRA court held a hearing on January 3, 2023, and issued an order denying relief on April 19, 2023. Appellant filed a *pro se* appeal claiming that both trial counsel and PCRA counsel were ineffective. The PCRA court appointed new counsel to represent Appellant on appeal. This Court affirmed the PCRA court's ruling regarding "the ground for relief litigated below … but vacate[d] in part its denial of the PCRA petition and remand[ed] for the PCRA court to address five claims of PCRA counsel ineffectiveness that Appellant has raised in this appeal." *Id.* at *1; *see Commonwealth v. Bradley*, 261 A.3d 381, 401-05 (Pa. 2021) (holding an appellant may raise claims of PCRA counsel's ineffectiveness for the first time on appeal when PCRA counsel represented the appellant until the appeal). We explained that we were

> remand[ing] for the PCRA court to address and, if necessary, conduct further proceedings on [Appellant's five] claims that PCRA counsel was ineffective for not seeking relief based on trial counsel's failure to call an alibi witness, failure to challenge consolidation of the cases, failure to challenge the admissibility of cellphone evidence, failure to bring out evidence of a relationship between the lead detective and witness Blantz and his family, and failure to move to suppress Blantz's out-of-court identification of Appellant.

*Perralta, supra* at *7.

- 2 -

Following remand, the PCRA court appointed new counsel to represent Appellant, and directed counsel to file an amended PCRA petition "asserting those claims [identified by the Superior Court] that [counsel] finds to be meritorious or a no-merit letter." Order, 12/5/24, at 2.

On March 3, 2025, counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 6, 2025, the PCRA court issued separate orders granting the motion to withdraw and providing Appellant with notice of the court's intention to dismiss his petition pursuant to Pa.R.Crim.P. 907. The PCRA court entered the order denying Appellant's PCRA petition on April 1, 2025. Appellant filed a *pro se* notice of appeal.[1,2]

Critically, Appellant has failed to file a Pa.R.A.P. 1925(b) concise statement as ordered by the PCRA court. In his notice of appeal, prior to being ordered to file a Rule 1925 concise statement, Appellant states that he "verif[ies] the contents of this statement of errors complained of on appeal is

---

[1] Appellant filed his notice of appeal on March 28, 2025, in response to the PCRA court's March 6, 2025 notice of intention to dismiss the PCRA petition. Although the PCRA court did not enter its final order denying relief until April 1, 2025, Pa.R.A.P. 905(a)(5) provides that a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."

[2] Pennsylvania law "forbids appointment of new counsel where a proper **Turner**/**Finley** no-merit letter has been accepted and counsel was permitted to withdraw." **Commonwealth v. Williams**, 204 A.3d 489, 493 (Pa. Super. 2019) (citation omitted). Instead, a petitioner must use their own resources to retain counsel or proceed *pro se.* **Id.**

- 3 -

true and correct to the best of my first hand knowledge and beliefs and are not to mislead anyone." Notice of Appeal, 3/28/25, at 3. However, Appellant did not raise or identify any claims of error. The PCRA court subsequently "issued an [o]rder requiring [Appellant] to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before April 30, 2025." Pa.R.A.P. 1925 Opinion, 5/13/25, at 1. Appellant did not comply with the order, and thus the PCRA concluded "all claims of error are waived." *Id.* We agree.

Issues not included in a court-ordered concise statement are waived. Pa.R.A.P. 1925(b)(4)(vii). We have explained that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted). Likewise, our Supreme Court has stated that an appellant's "failure to comply with the PCRA court's order to file a Rule 1925(b) statement result[s] in the automatic waiver of any issues he may have raised on appeal." *Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002) (finding "Superior Court properly deemed [a]ppellant's issues waived under Rule 1925, notwithstanding that the Commonwealth never briefed or argued Rule 1925 waiver").[3] While we recognize that Appellant is *pro se*, his *pro se* status "confers no special benefit." *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003).

---

[3] The Commonwealth has not filed an appellate brief in this case.

For the above reasons, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/26/2026